<em>Case 0:03-cv-61751-PCH Document 17 Entered on FLSD Docket 12/12/2003 Page 1 of 6</em>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 03-61751-CIV-HUCK

SAMUEL NETO, on his own
behalf and others similarly situated,

    Plaintiff,

v.

THE CAR SALON, L.L.C,
a Florida corporation, and
PBS OF CENTRAL FLORIDA,
INC, a Florida corporation,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

1.    Plaintiff, SAMUAL NETO, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, THE CAR SALON, L.L.C. and PBS OF CENTRAL FLORIDA, INC. (hereinafter collectively referred to as "Defendants") and brings this action on behalf of himself and other employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff performed as a laborer at the car wash in Broward County, Florida and within the jurisdiction of this Court.

2.    Defendant, THE CAR SALON, INC., is a Florida corporation that owns and operates a car wash business in Broward County, Florida and within the



jurisdiction of this Court.

3. At all times material hereto, PBS OF CENTRAL FLORIDA, INC., was and is an employee leasing company that exercised and retained control over the employees of THE CAR SALON, INC., including Plaintiff, and exercised control as to the wages of Plaintiff, and was doing business in Broward County, Florida. As such, PBS OF CENTRAL FLORIDA, INC. acted directly or indirectly in the interest of an employer in relation to Plaintiff, and the other employees similarly situated, and therefore PBS OF CENTRAL FLORIDA, INC. is and was Plaintiff's employer or joint employer within the meaning of Section 3(d) of the FLSA. (29 USC §203(d)).

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b) (the Act).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were enterprises or joint employer enterprises engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Based upon information and belief, the annual gross sales volume of THE CAR

SALON L.L.C and PBS OF CENTRAL FLORIDA, INC. was in excess of $500,000.00 per annum. Additionally, Plaintiff was individually engaged in interstate commerce and his work was essential to Defendants' business.

6. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked in excess of forty (40) hours during one or more work weeks on or after September 2000, and who did not receive time and a half wages for their hours worked in excess of forty within a work week.

7. At all time pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty within a work week.

8. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

9. Plaintiff readopts and realleges and allegations contained in Paragraphs 1

through 8 above.

10. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

11. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

12. As a result of Defendants' willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages.

13. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, SAMUEL NETO, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, THE CAR SALON LLC and PBS OF CENTRAL FLORIDA, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT II

### STATUTORY AND CONTRACTUAL GUARANTEES AND OBLIGATIONS OF EMPLOYEE LEASING COMPANY

14. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 8 above.

15. Florida Statute Chapter 486.525(4)(b) provides that PBS OF CENTRAL FLORIDA, INC. "assumes responsibility for the payment of wages to the leased employees without regard to payments by the client to the leasing company."

16. In addition to the foregoing statutory provision, the contract and/or agreement by and between THE CAR SALON L.L.C. and PBS OF CENTRAL FLORIDA, INC., recites and incorporates the provisions of Florida Statute Chapter 486.525(4)(b).

17. As a direct and proximate result of Florida Statute Chapter 486 and the terms and conditions of the contract and/or agreement by and between THE CAR SALONG L.L.C. and PBS OF CENTRAL FLORIDA, INC., PBS OF CENTRAL FLORIDA, INC. has assumed, guaranteed and become liable for all unpaid wages/overtime to which Plaintiff, and those similarly situated to Plaintiff, are entitled.

18. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SAMUEL NETO, and those similarly situated to him who have or will opt into this action, demand judgment against Defendant, PBS OF CENTRAL FLORIDA, INC., for the wages and overtime payments due him for which he has not been

properly compensated, liquidated damages, and reasonable attorney's fees and costs of suit, and such other further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile and U. S. Mail to: Ken Knox, Esq., 450 East Las Olas Blvd., Fort Lauderdale, FL 33301 (Tel: 954-525-4800; Fax: 954-525-8739) , this 9 day of December, 2003.

SHAVITZ LAW GROUP, INC.
2000 Glades Road, Suite 200
Boca Raton, FL 33431
Tel: 561-447-8888
Fax: 561-447-8831
E-mail: gshavitz@shavitzlaw.com

GREGG I. SHAVITZ
Fl. Bar No.: 11398
CHRISTINE M. DUIGNAN
Fl. Bar No.: 896500